WILLIAM K. HAINES, appellant,

*v.*

HENRY C. ROYDHOUSE et ux., respondents.

[Argued June 29th, 1914. Decided November 16th, 1914.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

As I view this case the primary question is whether a contract between a husband and wife of the nature of the contract set forth in the sixth paragraph of the answer is a valid contract based upon a valuable consideration.

If such a contract is to be regarded as supported by a valuable consideration, then the deed made in August, 1910, to correct an error in the deed previously executed in an attempted fulfillment of that contract is supported by that consideration, otherwise it must be regarded as a voluntary conveyance and void as to then existing creditors.

The prior deed cannot be challenged, as no creditors then existed. But if the prior deed is to be regarded as a gift it can only stand as against subsequent creditors to the extent that it became an executed gift. The subsequent conveyance must, therefore, be regarded as a gift and as void as to then existing creditors, unless supported by a valuable consideration.

·But regarding the original contract as supported by a valuable consideration, the deed which was intended to convey a fee in fulfillment of that contract and which by mistake conveyed only a life estate will in equity be regarded as conveying a fee and the subsequent deed will, in such case, be treated as merely a correction of the mistake in the former deed. In that view the discharge of the encumbrance on the property between the dates of the two deeds becomes immaterial, for no creditors then existed

to render it improper for the husband to make such a gift to his wife.

A motion against the answer was heretofore heard by me in this suit. At that time I filed the following conclusions:

"I am unable to regard the question presented by the present motion as an open question in this court, for, in *Barbour* v. *Barbour, 49 N. J. Eq. 429,* a contract similar to the one stated in the answer was sustained as supported by a valuable consideration. The decree in that case was reversed by the court of errors and appeals (*51 N. J. Eq. 267*), but the reversal was by reason of inadequacy of the evidence to sustain the contract.

"In the several cases cited in which contracts of this nature have been sustained and declared to be supported by a valuable consideration by reason of the surrender of valuable pecuniary rights upon the part of the wife litigation appears to have existed between the parties and the contracts have accordingly included the element of settlement of a pending suit. But I am unable to discern any satisfactory theory upon which the wife's rights should be regarded as less substantial before a suit is instituted in her behalf for the enforcement of rights which she admittedly possesses than after such a suit shall have been actually brought.

"The second conveyance, if made in good faith, was merely a correction of an error in the earlier conveyance. If the wife was entitled as of right to a conveyance in fee at the time the earlier conveyance was made she was obviously entitled at the time the later conveyance was made to a correction of the error.

"I will advise an order denying the motion."

I am unable to modify the views then expressed by me.

At final hearing it was stipulated that the averments of paragraphs 7, 8, 9 and 10 of the answer were true. These paragraphs of the answer disclose that the contract was in fact made and that the deed which was executed in supposed fulfillment of the contract by mistake conveyed only a life estate. The only infirmity in the original agreement which can therefore be now relied upon by complainant is its want of valuable consideration. That question, as already stated, I cannot consider an open question in this court.

Nor do I think that the evidence justifies the conclusion that the last deed was not made in good faith to correct the error in the former deed.

I will advise a decree denying the relief sought by complainant.

*Messrs. Davis & Davis,* for the appellant.

*Mr. Ralph N. Kellam,* for the respondents.

PER CURIAM.

We agree with the views expressed by the vice-chancellor as to the legal questions in the case. We differ with him as to the facts. Our difference really turns upon the construction of the admissions made by counsel for the defendants at the hearing. He admitted the correctness of paragraphs 7, 8, 9 and 10 of the answer. If this portion of the answer set forth that the agreement of husband and wife in 1902 was to convey the fee-simple of the farm, and that both supposed the deeds conveyed a fee-simple, the defendants would have established a proper case for reformation and the deeds of 1910 would be valid. As we read the answer, it rather skillfully avoids setting forth an agreement for the conveyance of a fee-simple. It alleges the wife's forgiveness of her husband in consideration of his promise of future fidelity and the conveyance to the wife of the farm; that in consummation of the agreement, the deeds of 1903 were executed. This would all be true if the agreement was only to convey a life estate to the wife; it would not, to say the least, be strictly accurate if the agreement was to convey a fee, since it could not be said that the conveyance of a life estate was in consummation of such an agreement. That the draftsman of the answer understood well the distinction between conveyance of a life estate and of a fee is shown by the later averment that the wife accepted the deed as fulfilling the terms of the agreement, "believing that the legal effect of said deed was to vest in her the fee." This fails to negative knowledge on the part of the wife of the language of the deed and alleges only a belief as to the legal effect; it is consistent with the view that her mistake, if

she made one, was a mistake of law; or with the view that she did, in fact, as the answer says, accept the deed as fulfilling the terms of the agreement, knowing its contents but resting upon her belief in its legal effect.

That this construction of the answer is not too precise or over-nice is shown by what in fact took place at the hearing after the admission was made by complainant's counsel. The vice-chancellor at once asked whether the admission included the error of the scrivener and the execution of a new deed; counsel for defendants answered, "No. Do you want to include that also;" and counsel for the complainant said, "No; I am not willing to admit that." Then after a little further colloquy, Mr. Davis said: "That is not admitted; the mistake of the scrivener is not admitted," and Mr. Kellam said: "I guess we had better prove our case, because this admission seems to be a matter of considerable doubt." Later in the case Mr. Davis again repeated that he did not admit that the first deed was a mistake.

The defendants proceeded in the effort to prove the mistake despite the alleged admission. In this we think they failed. Proof must be clear in order to make a case for reformation of a deed. Here we have husband and wife conveying a life estate to the wife through an intermediary by a deed which on its face and in so many words conveys the land to the wife "for and during the term of her natural life and after her death" to her husband by name. The same language is repeated in the *habendum,* and the covenants run to the wife "for life." A layman could hardly fail to see by an examination of the deed that the wife took only a life estate. It is very different from a case where a life estate arises from the omission of words of inheritance. This deed is delivered in 1903 to a wife who has just condoned her husband's adultery in consideration of his promise to amend and of this very conveyance. She would be free from the ordinary human suspicion if, under such circumstances, she did not examine the deed. No question is raised until financial difficulties of the husband are impending, and even on the hearing the husband testifies that the first deed was exactly what he promised to give her, while their joint answer seems to evade with some skill an averment that there was a mistake of fact.

We think the evidence falls short of that clearness which the law properly requires before a deed can be altered. The decree must be reversed, with costs, and a decree made in accordance with the prayer of the bill.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, BLACK, VREDENBURGH—4.

*For reversal*—GARRISON, SWAYZE, PARKER, BERGEN, KALISCH, BOGERT, HEPPENHEIMER, WILLIAMS—8.